UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 MAR -4  AM 10: 18

GRACE SCARPA

      Plaintiff(s)          Case No. 3:14-cv- 243-J-34JRK

v.

ASSET ACCEPTANCE, LLC.
      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

GRACE SCARPA ("Ms. Scarpa" or "Plaintiff") sues ASSET ACCEPTANCE, LLC. ("ASSET ACCEPTANCE" or "Defendant"), and states:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 (hereinafter referred to as "FCCPA"), which, inter alia, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. PARTIES

2. Plaintiff is a natural person residing in Duval County, FL. At all times material, Plaintiff resided in Duval County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. ASSET ACCEPTANCE is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal

1

place of business is located at 28405 Van Dyke Avenue, Warren, MI 48093. ASSET ACCPETANCE's principal business is the collection of third party debts.

### III. JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by ASSET ACCEPTANCE took place in Jacksonville, Duval County, FL.

### IV. FACTUAL ALLEGATIONS

5. On August 13, 2010 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:10-bk-07068-JAF (the "Bankruptcy Case"). A copy of the redacted § 341 Notice is attached as Exhibit 1.

6. Ms. Scarpa filed her Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; and (ii) a financial "fresh start".

7. As required by the Bankruptcy Code, Ms. Scarpa filed her schedules, lists, and statements in their Bankruptcy Case. Included in the Schedule F of unsecured creditors was Aac, PO Box 2036 28045 Van Dyke Rd, Warren MI 48093 with Account No. CITIBANK – 41008970 with a balance owed of $16,465.00. A copy of the relevant page from Ms. Scarpa's Schedule F is attached as Exhibit 2.

8. The debt at issue is a consumer debt. The debt results from credit card purchases for primarily personal, household and family use.

9. ASSET ACCEPTANCE filed proof of claim number 9 in the Bankruptcy Case. ASSET ACCEPTANCE clearly received actual notice of the Bankruptcy Case. A copy of Proof of Claim #9 is attached as Exhibit 3.

10. On October 19, 2010, Ms. Scarpa filed her Second Amended Chapter 11 Plan of Reorganization (the "Chapter 11 Plan"), which provided for disposable income payments of $50 per month distributed pro rata to unsecured creditors. ASSET ACCEPTANCE would receive a portion of these payments based on account of its unsecured claim.

11. On March 22, 2011, the Court entered an Order Confirming Debtor's Second Amended Plan of Reorganization (the "Confirmation Order").

12. Ms. Scarpa commenced making payments pursuant to the Confirmation Order. Ms. Scarpa has complied with the provisions of the Confirmation Order.

13. Upon Ms. Scarpa's request, on October 17, 2012, the Court entered an Order Administratively Closing the Chapter 11 Case ("Admin. Close Order"). A copy of the Admin Close Order is attached as Exhibit 4. As reflected in paragraph 3 of the Admin Close Order, the automatic stay of 11 U.S.C. 362 remains in effect. Furthermore, the provisions of the Confirmation Order continue to bind Ms. Scarpa and her creditors, including ASSET ACCEPTANCE.

14. On or about January 6, 2014, ASSET ACCEPTANCE, despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, ASSET ACCEPTANCE mailed a demand for payment to Ms. Scarpa for collection of the pre-petition debt which had been listed on Schedule F of the Plaintiff's Bankruptcy Schedules. A copy of the demand for payment letter is attached as Exhibit 5.

15. ASSET ACCEPTANCE failed to use reasonable steps for collection of accounts

3

prior to mailing the collection letter to Ms. Scarpa. Such steps would include, at a minimum, a BANKO or PACER search for bankruptcy activity related to the account and Ms. Scarpa. Importantly, the account number on the Schedule F entry matched the account number on the demand for payment letter.

16.     ASSET ACCEPTANCE knew of Ms. Scarpa's legal representation and contacted Ms. Scarpa directly in spite of this knowledge.

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS

17.     The Plaintiff realleges the factual allegations in paragraphs one (1) through sixteen (16) above.

18.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

19.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

20.     "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in

establishing liability.

21.     ASSET ACCEPTANCE violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a.      ASSET ACCEPTANCE violated 15 U.S.C. § 1692c(a)(2) by contacting Ms. Scarpa directly when ASSET ACCEPTANCE knew that the Plaintiff was represented by an attorney in connection with the debt.

b.      ASSET ACCEPTANCE misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A). The demand for payment letter queried if Plaintiff would "like to…stop the collection activities associated with [the debt]." The demand for payment letter implied that collection activities would continue, although collection activities were already barred by virtue of 11 U.S.C. § 362. This statement clearly misrepresented Ms. Scarpa's legal rights. ASSET ACCEPTANCE threatened further collection action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5).

c.      By sending a collection notice to a debtor in bankruptcy, Defendant used unfair means to attempt to collect the debt thereby violating 15 U.S.C. § 1692f(1). Specifically, Defendant sought to recover amounts not permitted by law.

d.      Defendant further violated 15 U.S.C. § 1692f(1) by attempting to collect interest at the rate of 24%, which violates Florida usury law under Florida Statutes Section 687.02. *See* Exhibit 3, claim 9 page 3 of 3 charging interest at rate of 24%.

e.      Defendant did not comply with the requirements of 15 U.S.C. § 1692g. Upon information and belief, and to the extent this communication was the initial communication, ASSET ACCEPTANCE did not provide the information required by 15

5

U.S.C. § 1692g. The collection notice failed to: (i) state that the debt will be assumed valid unless the debtor disputes the debt in writing within thirty (30) days; (ii) state that if the debtor does dispute the debt in writing, the collector will provide verification of the debt to the consumer debtor.  As a further violation of 15 U.S.C. § 1692g, the collection notice did not meet the "least sophisticated consumer" standard as the collection notice did not effectively convey to the Plaintiff her rights under the FDCPA. *See Law Offices of David J. Stern, P.A. v. Martinez (In re Martinez)*, 271 B.R. 696, 700 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)). The collection letter did not inform the Plaintiff that since she was the subject of a pending bankruptcy, she was not required to pay the debt, and in fact was prohibited from paying the debt.

22.     ASSET ACCEPTANCE violated multiple provisions of the FDCPA as outlined above, including 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692f, 1692f(1), 1692g. Accordingly, ASSET ACCEPTANCE is liable to Ms. Scarpa for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

### COUNT II – FCCPA VIOLATIONS

1.     The Plaintiff realleges the factual allegations in paragraph one (1) through sixteen (16) above. The FCCPA provisions apply to the instant case as Ms. Scarpa is a consumer, ASSET ACCEPTANCE is a debt collector, and the debt at issue is a consumer debt.

2.     ASSET ACCEPTANCE has violated the FCCPA. Defendant's violations include, but are not limited to:

   a.     ASSET ACCEPTANCE contacted Ms. Scarpa directly when ASSET ACCEPTANCE knew that Ms. Scarpa all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating §

559.72(18) of the FCCPA. ASSET ACCEPTANCE clearly knew of the pending bankruptcy and that Ms. Scarpa was represented by counsel in connection with the debt. Among other evidence, ASSET ACCEPTANCE filed proof of claim 9 in the Bankruptcy Case.

      b.    ASSET ACCEPTANCE attempted to receive immediate and full payment for a debt that was known to be subject to discharge and was the subject of a pending bankruptcy, thereby violating § 559.72(9) of the FCCPA. ASSET ACCEPTANCE clearly had actual knowledge of the pending bankruptcy case and that collection of the debt was prohibited by the Bankruptcy Code.

3.    Pursuant to Florida Statute § 559.77, ASSET ACCEPTANCE is liable to Ms. Scarpa for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing and prosecution of this action.

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Ms. Scarpa finding ASSET ACCEPTANCE violated the above stated provisions of the FDCPA and the FCCPA; (ii) judgment in favor of Ms. Scarpa awarding actual and statutory damages; (iii) an award equal to any and all attorney fees and costs associated with bringing this action; and (iv) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 3rd day of March, 2014.

                              Law Offices of Mickler & Mickler

                              By: _____
                              TAYLOR J. KING
                              Attorney for Plaintiff
                              5452 Arlington Expressway
                              Jacksonville, Florida 32211

(904) 725-0822\FAX 725-0855
Florida Bar No. 72049
tjking@planlaw.com